Judge Underwood
delivered the opinion of the Court.
The second section, of the third article of the constitution of the United States, confers on the federal judiciary, jurisdiction over controversies between citizens of different states. The twelfth section, of the act of congress, approved, September 24$ 1789, directs the mode of removing a suit; from the state to the federal tribunals, when the suit has been brought against a citizen of another state, by a citizen of the state, in the courts of which the suit is instituted. This is an action of ejectment, instituted in the Scott circuit court, by Rucker, a citizen of Kentucky; as lessor of the plaintiff, against the tenant of Eastin; a citizen of the state of Lousiana. Eastin entered as a defendant to the suit in lieu of her tenant, and at that time moved in virtue of the act of congress to remove the suit to the federal court, for the Kentucky district, upon petition and affidavit filed. The court made an order for the removal of the suit as desired. The federal court remanded the suit, stating as the ground for so doing, that they had no jurisdiction of the cause. Upon the return of the suit, to the Scott circuit court; Eastin again petitioned the court; to remove the case to the federal court, whifch was refused. This refusal to send the cause back to the federal court, upon the second application and proof, constitutes the first error complained of. Upon the first application of Eastin to remove the suit, her citizenship of another state, was not established by the proof; or if it was, the record of the Scottcircuitcourt, did not shew the fact, all that the record stated, is, that she being a nonresident, &c., the cause was ordered to be removed, to the federal court; The expression “non resident of Kentucky” is not equivalent to citizenship but of this state, in another state, nor is it incompatible with the idea of citizenship here. A citizen of Kentucky, may have temporary residence out of the state, and if that be the casé, it does follow, that the federal court has jurisdiction of his controversies with a resident citizen of the state'; For such temporary resi *233 deuce will not divest him of his character, or his rights as a citizen of the state. We are of opinion therefore, that the federal court was rightin remanding the cause,, as the record, when presented to them, did not present on its face, such a case as is provided for, by the constitution of the United States, and act of congress. When the case returned to the Scott cir'cuit court, Eastin then presented herself by making proof, that she was a citizen of the state of Louisiana, that the subject matter in controversy, exceeded the value of $500, and that Rucker, was a citizen of the state of Kentucky, in such an attitude, that the court ought to have removed the suit, to the federal court, unless there was sotaé sufficient reason, to justify the refusal, arising from thé time when the motion was made, or some other causte; The act of congress, referred to, requires the defendant, who is a citizen of another state, and who desire's a removal of the cause, from the state to the federal tribunal, to file a petition, for the removal of the causé at the time of entering his appearance in the staté court, and in relation to suits pending, in the courts of Kentucky, brought against a citizen of another state, the application knust be, to have the cause remanded' to the federal court, for the Kentucky district, next to be holden therein, after entering appearance. This provision of the act of congress, is wisely designed to produce dispatch. It appears from the record, that Myra Eastin filed a petition for the removal of the cause, on entering her appearance, but she failed to prove, that she was a citizen of another state, and for want of such proof, we presume the federal court refused to entertain jurisdiction. Shall Eastin have another opportunity, to make out a proper case, to justify the state court, in removing her suit, and the federal Court in entertaining jurisdiction of it? We think not. Such a privilege could not be granted to her, without frustrating the design, manifested by the act of congress, which prescribes the course of procedure in removing suits from the state, to the federal tribunals; It was her fault, or that of her agents or attorney, that the causes for removing the suit were not properly and legally presented, and if she can be indulged in correcting these errors at a term subsequent to that, during Which her appearance was entered, it would defeat *234 those provisions of the act of congress, which require the causetobc removed to the federal court, nextto be hold* on, after the defendant enters his appearance in the state court. Besides, if more than one application is to be tolerated, we see no principle, by which to limit the number. And if we were now to sustain the exception on this point, and-direct the circuit court, to make rfn order for the removal of the suit to the federal court, that tribunal would most probably decide that it possessed no jurisdiction of the cause, because it was not brought before them in the time required, by the act of congress, and again remand it to the stale court. In our opinion, there is no error in the refusal of the court to remove the cause to the federal court. When a citizen of another state, shall be sued, in the courts of this state, by one of its citizens, and shall, at the time of entering his appearance, present all the facts, which are required by the constitution of the United States, and do all things required by the act of congress, to entitle him to a removal of the cause to the federal court, and the state court shall refuse to do it, fhen- a different question may arise from that now before us, and then it may be proper for this court to decide, whether the jurisdiction of the federal tribunals, in suits between citizens of different stales, is exclusive or concurrent with that of the state courts. We will not anticipate a decision on that question; but will reserve it, until a fit occasion presents itself.
To a recovery in ejectment, paramount title in .,tlie pl’tfi'. anti possession in tho deft. at the lime of service of the copy, arc requisite. A record of a former judgment, in favor of dePt. vs lessor of pl’tff. ao bar to .nU’ffs. recovery, unless connected with such adversary possession, as tolls his right of entry.
*234 Upon the trial in the court below, the appellant offered in evidence, the record and proceedings in an action of ejectment in the federal court for the district of Kentucky, shewing that she, as lessor of the plaintiff, had recovered of the appellee, the land constituting the subject of the present suit. The court rejected the evidence, and we are required to decide whether the court did right in rejecting it. By a statute, approved, January 12th, 1325, it is provided in a certain class of cases, that a verdict and judgment in favor of the defendant in an action of ejectment shall be a complete bar, to the recovery of the land in a second suit, the title to which was litigated in the first suit. But the provisions of this act, have no application to such a case as this is, and wre must decide the *235 question, without regard to the statute. In an action of ejectment, title in the lessor of the plaintiff and possession in the defendant, at the commencement of the suit, are the two things, which must be established, to justify a recovery. If these are made out in proof, the plaintiff ought to recover, unless the defendant can shew a paramount title, in himself or another, or that the lessor of the plaintiff, has lost his right of entry by the continuance of an adverse possession, sufficiently long to bar it. It does not appear from the record offered in evidence, that Myra Eastin, was put in possession of the land, by the execution of the writ of habere facias. The verdict and judgment in her favor, in the federal court, was no proof, that she had a paramount title, when the suit was instituted by Rucker, against Morriss, the tenant in possession: It is no proof' that Rucker’s right of entry was tolled. We cannot therefore perceive how it could legally operate to make plain, and to elucidate the points involved in the issue. It was therefore properly excluded. The only remaining question for decision, relates to the refusal of the court to give certain instructions to the jury, asked for by the defendant. These instructions, were all predicated upon the supposition, that the evidence proved or conduced to prove, that Myra Eastin, by her tenants, had possession of the land in controversy, before Rucker first acquired the possession, and that Rucker, by a contract with Timothy Marker, a tenant of the said Eastin, had obtained possession, and that he was estopped, to deny Eastin’s title, in consequence thereof. We admit the doctrine, that a tenant cannot attorn or sell his interest in the term unexpired, and thereby, prejudice the title of his landlord. But we have searched the record in vain, to find proof, shewing that Marker, was Eastin’s tenant. On the contrary it appears, that Marker came into possession, as assignee of Amos Mount, the lessee of George G. Taylor, who sold and conveyed the land to Rucker. We cannot perceive in the record, the shadow of title in Myra Eastin, independent of the verdict and judgment of the federal court, in her favor, already disposed of. Nor do we discover any thing in the record connecting her with the possession held by Mount and Marker. The instructions asked for and refused, were *236 therefore, if good lavr, mere abstract propositions, which the court were not bound to give. Besides Rucker in this suit, was not in possession, and resist-the recovery of possession, by his landlord. Were that his attitude, we admit he ought not to be permitted to deny his landlord’s title. Rucker is out of possession, and in this suit, is endeavoring to gain it upon his own title, and we cannot perceive, if it were admitted he was once tenant to Myra Eastin, how that fact should prevent his recovery. There is nothing in the record to shew the termination of the lease, from Taylor to. Mount. For ought that appears, the term may have expired before the institution of the present suit.
Crittenden and Chinn, for appellant; Haggin and Depew, for appellee.
The judgment of the circuit court is affirmed The appellee must recover his costs.